UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABARON ALEXANDER DAVIS,

               Petitioner,             Case Number:  07-CV-15482

v.                                 HONORABLE AVERN COHN

JERI ANN SHERRY,

               Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I.  Introduction

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Labaron Alexander

Davis (Petitioner) is a state inmate at the G. Robert Cotton Correctional Facility in

Jackson, Michigan.  Petitioner filed a *pro se* petition for a writ of habeas corpus

challenging his convictions for armed robbery, assault with intent to commit great bodily

harm less than murder, felon in possession of a firearm, and felony firearm.

Respondent, through the Attorney General's office, filed a response, arguing that

Petitioner's claims are procedurally defaulted and/or without merit.  For the reasons

which follow, the petition will be denied.

### II.  Background

### A.  Facts

      Petitioner's convictions arise from an incident that occurred in Detroit on

February 15, 2004.  Testimony at trial revealed the following.  Hill Robertson, a Canadian resident, testified that she was in Detroit on that date to see her son Eric Robertson.  The two stopped at a sandwich shop.  As Hill entered her car, she threw her purse in ahead of her.  She was prevented from closing the door by a man she identified as Petitioner.  Petitioner demanded her purse.  She refused.  Petitioner reached into the car to grab her purse.  Hill held the purse by its straps.  Petitioner pointed a gun at Hill.  He struck her on the head with the gun several times.  Petitioner then walked away with her purse, which contained credit and debit cards, cash, a camera, her passport and her cell phone.

Eric Robertson testified that when Petitioner demanded his mother's purse, he pulled out his cell phone, planning to call police.  Petitioner warned him not to do so.  Eric, nevertheless, called police.  He testified that Petitioner walked away after securing his mother's purse.

Police Officer Richard Buyse testified that he obtained cell phone records for Hill's cell phone and determined that several calls had been made from the phone after it had been stolen.  He testified that he called one of those numbers and spoke to Dan Craig in Staten Island, New York.  After speaking to Craig, Officer Buyse focused on Petitioner as a suspect.

Petitioner testified in his own defense.  He denied robbing Hill Robertson, and identified his friend Alton Jones as the perpetrator.  He testified that he drove with Jones to a sandwich shop.  Petitioner entered the sandwich shop by himself, leaving Jones in the car.  While Petitioner waited for his sandwich to be prepared, Jones entered the sandwich shop and asked Petitioner for money to buy a sandwich.  Petitioner gave

2

Jones money, then returned to the car, started the engine and began eating his sandwich.  A few moments later, he saw Jones being chased by Eric Robertson.  Jones jumped into the vehicle and Petitioner drove off.  He noticed that Jones' hand was bleeding and that Jones was carrying a purse.  Petitioner testified that Jones gave him a cell phone from the purse, which he used to call a friend in New York.

### B.  Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, assault with intent to commit great bodily harm less than murder, felon in possession and felony firearm.  On March 14, 2003, he was sentenced as a fourth habitual offender to 30 to 45 years imprisonment for the armed robbery conviction, 6 to 10 years for the assault conviction, 3 to 5 years imprisonment for the felon-in-possession conviction, and 2 years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals presenting the following claims:  (i) right to due process violated by prosecutor's failure to investigate case before proceeding to trial; (ii) jury instruction error regarding aider and abettor instruction; (iii) insufficient evidence to support alternative aiding and abetting theory; (iv) in-court identification based upon an impermissibly suggestive pretrial photo lineup; (v) hearsay testimony improperly admitted; (vi) ineffective assistance of counsel; and (vii) cumulative effect of errors violated right to a fair trial.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Davis*, No. 261557 (Mich. Ct. App. June 15, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied.  *People v. Davis*, 447 Mich 917 (2006) (Table).

Petitioner then simultaneously filed a petition for writ of habeas corpus and a motion to stay habeas proceedings to exhaust seven claims in state court.  Petitioner raised thirteen claims, seven of which were unexhausted.  (Doc. 1).  The Court granted the motion to stay.  (Doc. 2).  Petitioner returned to state court and proceeded to exhaust his state court remedies.  Upon completion of state court review, Petitioner moved to reopen the case, which was granted.  (Doc. 8).

Petitioner raises thirteen claims for habeas relief, as follows:  (i) right to due process violated by prosecutor's failure to investigate case before proceeding to trial; (ii) jury instruction error regarding aider and abettor instruction; (iii) insufficient evidence to support alternative aiding and abetting theory; (iv) in-court identification based upon an impermissibly suggestive pretrial photo lineup; (v) hearsay testimony improperly admitted; (vi) ineffective assistance of counsel; (vii) cumulative effect of errors violated right to a fair trial; (vii) right to fair trial denied when trial court refused jury's request to review testimony; (ix) right to counsel denied when trial court failed to grant continuance although counsel conducted inadequate investigation; (x) due process violated when trial court refused "accessory after the fact" instruction; (xi) ineffective assistance of counsel; (xii) prosecutorial misconduct; and (xiii) ineffective assistance of appellate counsel.

### III.  Standard of Review

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

5

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

In simple terms, the Supreme Court has said that the standard of review is "difficult to meet ... and [is a] highly deferential standard." *Cullen v. Pinholster*, 563 U.S. ___., ___ (2011) (slip op., at 9). The Supreme Court has further said that a federal court must guard against "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. ___, ___ (2010) (slip op., at 12).

Finally, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Procedural Default

As an initial matter, Respondent argues that several of Petitioner's claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the interests of judicial economy are best served by addressing the merits of all of Petitioner's claims.

6

## V.  Analysis

### A.  Sufficiency of Police Investigation

Petitioner argues that his right to due process and a fair trial were violated because the police and prosecutor failed to sufficiently investigate the case.  He alleges that police made little effort to collect physical evidence, interview witnesses, conduct appropriate lineups, or obtain fingerprints from Hill's car.

The Michigan Court of Appeals, although finding the claim not properly preserved, nevertheless addressed the merits.  The state court held that Petitioner's due process rights were not violated by the investigation.  The state court reasoned that the prosecutor presented evidence which provided a complete picture of the transaction, including eyewitness testimony from Hill and Eric Robertson, Hill's immediate and certain identification of Petitioner from a photo lineup, and Petitioner's admission that he called a contact from Hill's cell phone after the phone was stolen.

On habeas review, a court may grant relief for an inadequate investigation "only when the petitioner can show a deprivation of due process tantamount to a suppression of relevant evidence."  *Owens v. Foltz*, 797 F.2d 294, 296 (6th Cir. 1986).  Where the alleged inadequate investigation is at issue in the trial, the jury may consider the quality and thoroughness of the investigation in making a reasonable doubt determination.  *Id.* The Due Process Clause requires that the State disclose to criminal defendants "evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed."  *California v. Trombetta*, 467 U.S. 479, 485 (1984). Further, failure to preserve potentially useful evidence violates due process of law if a criminal defendant can show that the police acted in bad faith.  *Arizona v. Youngblood*,

7

488 U.S. 51, 56-58 (1988).  However, neither *Trombetta* nor *Youngblood* impose a duty

to *collect* evidence.  *See Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1988) ("Since,

in the absence of bad faith, the police's failure to *preserve* evidence that is only

potentially exculpatory does not violate due process, then a fortiori neither does the

good faith failure to *collect* such evidence violate due process.").

Petitioner has not shown any failure to investigate that could be judged

tantamount to a suppression of relevant evidence.  The prosecution presented the

testimony of two eyewitnesses and any perceived failures of the police investigation

were adequately explored at trial.  The Michigan Court of Appeals' conclusion that there

was no due process violation was a reasonable.

### B.  Aiding and Abetting: Jury Instruction and Sufficiency of the Evidence

Petitioner argues that the trial court erred in instructing the jury that Petitioner

could be convicted under an aiding and abetting theory when the prosecutor presented

insufficient evidence to support that theory.

An erroneous jury instruction warrants habeas corpus relief only where the

instruction "'so infected the entire trial that the resulting conviction violates due

process.'"  *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)*,* (quoting *Cupp v. Naughten*, 414

U.S. 141, 147 (1973)).  "[I]t must be established not merely that the instruction is

undesirable, erroneous, or even 'universally condemned,' but that it violated some

[constitutional] right."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The Michigan Court of Appeals held that the evidence amply supported an armed

robbery instruction under an aiding and abetting theory.  The state court reasoned, in

pertinent part:

8

Defendant told Officer Richard Buyse that he drove Elton Jones home after he saw Jones running down the street with people chasing him, and saw Jones with a black purse on his person. Defendant testified that he was driving himself and Jones to Henry Ford Hospital so that defendant could ask his sister, who worked at the hospital, if she could give him some money. Defendant specifically stated that he parked at Subway, purchased a sandwich, returned to his running car to eat his sandwich, and then let Jones in his car even though a customer that defendant had seen in Subway was chasing Jones. Defendant also testified that he drove Jones to his residence, despite [the] fact that defendant saw that Jones had a bloody hand, had a purse under his coat, and Jones had told defendant that he just robbed someone. This evidence could lead a trier of fact to believe that more than one person was involved in the commission of a crime (defendant and Jones) and that defendant's role in the crime might have been less than direct participation in the wrongdoing (defendant might have just been the getaway driver). The trial court did not abuse its discretion when it instructed the jury that defendant could be alternatively convicted of the charged crimes as an aider and abettor.

*Davis,* 2006 WL 1652702 at *2.

Federal courts are bound by the state courts' interpretation of their own laws. *See Mullaney v. Wilbur*, 421 U.S. 684, 690-91 (1975). Where a state appeals court finds that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination. *See Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000). Because the Michigan Court of Appeals determined that it was proper for the trial court to give the jury an instruction on aiding and abetting, and Petitioner has not shown that holding was unreasonable, he is not entitled to habeas relief on this claim.

As for Petitioner's sufficiency of the evidence claim, it too is meritless. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631

9

(6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the

Court "must determine whether, viewing the trial testimony and exhibits in the light most

favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt."  *Brown*, 567 F.3d at 205, (citing

*Jackson,* 443 U.S. at 319).  Second, if the Court were "to conclude that a rational trier of

fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas

review, [the Court] must still defer to the state appellate court's sufficiency determination

as long as it is not unreasonable." *Id.*  Indeed, the *Jackson* standard is "exceedingly

general" and therefore Michigan courts are afforded "considerable leeway" in its

application.  *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Under Michigan law, the elements of armed robbery are: "(1) an assault, (2) a

felonious taking of property from the victim's person or presence, and (3) the defendant

must be armed with a weapon described in the statute."  *People v. Johnson*, 206 Mich.

App. 122, 123, 520 N.W.2d 672, 673 (1994).  To prove aiding and abetting of a crime, a

prosecutor must show: (1) that the crime charged was committed by the defendant or

some other person; (2) that the defendant performed acts or gave encouragement

which assisted in the commission of the crime; and (3) that the defendant intended the

commission of the crime or had knowledge of the other's intent at the time he gave the

aid or encouragement. *People v. Moore*, 470 Mich. 56, 67; 679 N.W.2d 41 (2004).

The Michigan Court of Appeals although not specifically citing *Jackson*, clearly

applied the *Jackson* standard and held that sufficient evidence was presented to sustain

Petitioner's conviction, relying on the testimony discussed above, and stating, in

relevant part:

10

The prosecutor presented evidence establishing that Hill was a victim of an armed robbery. MCL 750.529; *Ford, supra*, p. 458. The prosecutor's evidence supported the inference that defendant was the individual who committed the armed robbery on Hill, while defendant's testimony suggested that Jones committed the armed robbery on Hill. In either case, a rational trier of fact could have found that "defendant or some other person" committed armed robbery. Further, a rational trier of fact could have found that defendant "performed acts or gave encouragement" that assisted in the commission of the armed robbery. Because a rational trier of fact could infer that defendant intended the armed robbery or had knowledge of Jones' criminal intent at the time he gave Jones aid or encouragement, sufficient evidence existed to support an armed robbery conviction on an aiding and abetting theory.

*Davis*, 2006 WL 1652702, at *3.

According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented for a finding of guilty did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

## C. In-Court Identification

Next, Petitioner argues that Hill's in-court identification was based on an impermissibly suggestive pretrial photo lineup.

"A conviction based on identification testimony that follows a pretrial identification violates the defendant's constitutional right to due process whenever the pretrial identification is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994). A court must undertake a two-step analysis to determine the validity of a pretrial identification. First, the court must determine whether the procedure was

11

unduly suggestive.  If the court finds that the procedure was unduly suggestive, the court must then "evaluate the totality of the circumstances to determine whether the identification was nevertheless reliable." *Id.*  The petitioner bears the burden of showing impermissible suggestiveness.  *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005).  In examining the totality of the circumstances, this court considers several factors, including: "(1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the crime and the confrontation."  *United States v. Hill*, 967 F.3d 226, 230 (6th Cir. 1992) (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)).

The Michigan Court of Appeals held both that the photo lineup was not unduly suggestive and that the *Biggers* factors demonstrated reliability.  The state court noted that the police officer who chose the lineup photographs testified that he selected pictures to match Petitioner's physical description and that officers did not tell Hill who to pick or who they suspected.  The state court rejected Petitioner's claim that the fact that he was the only individual in the photo array wearing a white t-shirt rendered the lineup unduly suggestive.  The court noted that the perpetrator was not described as wearing a white t-shirt, but rather a tan or brown coat and a gray hooded sweatshirt.  In addition, Hill testified that her assailants face was only inches away from her when she was robbed.

Petitioner has not shown that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law

12

beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–787. The Court denies this claim.

### D. Evidentiary Ruling

Petitioner argues that the trial court violated his rights of confrontation and to present a defense by admitting hearsay testimony. A trial, Officer Buyse testified that he obtained records of calls made from Hill's cell phone after the robbery and that he called those telephone numbers. He testified that he called one number located in Staten Island, New York. Defense counsel objected when the prosecutor asked the name of the person contacted in Staten Island. The trial court overruled the objection because the information was not offered for the truth of the matter asserted. Officer Buyse then testified that the man's name was Dan Craig and that Craig provided him with the name of the person who had called him. As a result of his phone call with Craig, Officer Buyse conducted additional investigation which, ultimately, led him to secure a photograph of Petitioner and to conduct a photo lineup.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 1067-68 (1965). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion." *Id.*, at 404-05, 85 S. Ct. at 1068 (internal quotation omitted). The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall

13

come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Id.* at 405, 85 S. Ct. at 1069,  *quoting Turner v. State of Louisiana*, 379 U.S. 466, 472-73, 85 S. Ct. 546 (1965).  "[T]estimony provided merely by way of background, or to explain simply why the Government commenced an investigation, is not offered for the truth of the matter asserted and, therefore, does not violate a defendant's Sixth Amendment rights." *U.S. v. Powers*, 500 F.3d 500, 508 (6th Cir. 2007) (internal quotation omitted).

The Michigan Court of Appeals found no error because Officer Buyse's testimony did not relate any out-of-court statements.  This conclusion is reasonable. Officer Buyse's testimony provided only general background information and an explanation as to why the investigation proceeded as it did.  Therefore, his testimony did not violate the Confrontation Clause or otherwise render his trial fundamentally unfair and the state court's decision in this regard was not contrary to or an unreasonable application of Supreme Court precedent.

### E.  Trial Counsel

Petitioner next claims that he received ineffective assistance of counsel.  On direct review, Petitioner argued that trial counsel was ineffective for failing to move to suppress the identification testimony, failing to present an expert witness regarding eyewitness identification testimony, and failing to secure the presence of an out-of-state witness.  On collateral review in state court, Petitioner raised the following additional allegations of ineffective assistance of trial counsel:  counsel was ineffective for failing to introduce into evidence complainants' police statements; failing to investigate the case, failing to interview witnesses, and failing to produce key evidence.

14

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance."  *Id.* at 689.  This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court's review of counsel's performance must be "highly deferential."  *Id.* at 689.  Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*.  *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold."  *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals held that counsel was not ineffective.  First, the Michigan Court of Appeals held that counsel was not ineffective for failing to file a motion to suppress the in-court identification because the motion would have been futile where the lineup was not impermissibly suggestive.  Second, the Michigan Court of

15

Appeals held that counsel's decision not to present expert witness testimony regarding eyewitness identification did not deprive Petitioner of a substantial defense because no reasonable probability existed that the testimony would have affected the outcome of the proceedings.  The Michigan Court of Appeals reasoned that both Hill and Eric expressed certainty in their identifications of Petitioner, and, that Hill testified she had a clear and close-up view of the robber.  Finally, the Michigan Court of Appeals held that counsel was not ineffective in failing to secure a material witness warrant for Craig.  The Michigan Court of Appeals noted that Petitioner provided nothing to show that Craig could have provided any evidence that may have impacted the outcome of the proceedings.

The Michigan Court of Appeals' opinion, although not citing *Strickland*, applied the test established therein.  Petitioner has not shown the Michigan Court of Appeals' application of *Strickland* to be unreasonable.

Petitioner's remaining ineffective assistance of counsel claims were raised for the first time on collateral review in state court.  The trial court issued the last reasoned opinion denying these claims.  First, Petitioner claims that counsel was ineffective in failing to move for the admission of the Hill and Eric Robertson's statements to police, which, Petitioner argues, each include a description of the perpetrator that is inconsistent with Petitioner's appearance.  The trial court held that Petitioner was not prejudiced by this error because the inconsistencies were utilized by defense counsel in his cross-examination of these witnesses.  The trial transcript supports the trial court's analysis.  Defense counsel cross-examined both witnesses extensively on their police statements.  The jury asked for to review the statements in the jury room, but, after

16

being told the statements were not in evidence and they should rely on their collective memory, the jury did not send another note requesting the testimony regarding the statements be read back to them.  This indicates that they found their collective memories sufficient.  Moreover, even if reasonable minds could differ as to whether trial counsel should have moved to admit the statements, it cannot be said that the state court's conclusion that Petitioner was not prejudiced by this failure was an unreasonable application of *Strickland*.

Petitioner next asserts counsel was ineffective in failing to investigate the case, failing to interview witnesses, and failing to produce key evidence.  In its order denying the motion for relief from judgment, the trial court held that Petitioner's allegations, which were unsupported by affidavits from potential witnesses or any other evidence, were lacking any support.  It is well-settled that conclusory allegations are insufficient to justify habeas relief.  *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief).  Petitioner's unsubstantiated allegation that counsel could have done more, by itself, fails to show counsel acted outside the wide range of professionally competent assistance.

### F.  Jury's Request to Review Testimony

Petitioner argues that the trial court violated his right to a fair trial when it refused the jury's request to review the statements of Hill Robertson and her son Eric.  The trial court discussed the jury's request with the prosecutor and defense counsel.  He told the parties he intended to advise the jury that, because Hill and Eric Robertson's statements were not admitted into evidence, they would not be permitted to review them and would, instead, have to rely on their collective memories.  Defense counsel did not

17

object to this proposed instruction.

In denying Petitioner's motion for relief from judgment, the trial court held that this claim was waived by defense counsel's acquiescence. The trial court further held that the statements were properly withheld from the jury because they were not admitted into evidence. This decision to withhold from the jury exhibits not admitted into evidence was reasonable. *See Hubbard v. Bell,* No. 07-cv-15392, 2009 WL 2905949, *6 (E.D. Mich. Sept. 8, 2009) (holding that state trial court's denial of request to review statement not admitted into evidence was a correct application of Michigan evidentiary law and denying habeas relief). *Accord U.S. v. Lowery*, 284 F. App'x 64, 70 (4th Cir. 2008) ("A jury is permitted to consider only those exhibits which have been admitted as evidence in a case.").

### G. Denial of Request for Continuance

Petitioner argues that the trial court denied him his right to counsel and his right to present a defense when it denied his request for a continuance. On the morning of the first day of trial, trial counsel sought a continuance to allow Petitioner to take a polygraph test and because Petitioner believed trial counsel failed to sufficiently investigate the defense.

A trial court's denial of a continuance rises to the level of a constitutional violation only where there is "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (*quoting Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)), "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in

18

the reasons presented to the trial judge at the time the request is denied." *Ungar*, 376 U.S. at 589.  To obtain habeas relief, it is not sufficient for the petitioner to show that the trial court arbitrarily denied the continuance request; he "must also show that the denial of a continuance actually prejudiced his . . . defense." *Burton v. Renico*, 391 F.3d 764, 772 (6th Cir. 2004).  "Actual prejudice may be demonstrated by showing that additional time would have made relevant witnesses available or otherwise benefitted the defense." *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003).

The trial court denied this claim when it denied Petitioner's motion for relief from judgment.  The trial court held that Petitioner failed to show how his defense was prejudiced by the failure to grant a continuance.  Similarly, on habeas review, Petitioner fails to provide any specific information as to what witnesses could have been located or what may have been gained form a continuance.  Under these circumstances, the trial court's decision was reasonable under the circumstances and was not arbitrary in any way, let alone so arbitrary as to constitute a deprivation of due process under the federal Constitution.

### H.  Accessory After the Fact Instruction

Petitioner next argues that the trial court erred in denying the defense's request for an accessory-after-the-fact instruction.

Under the Due Process Clause, which is found in the federal Constitution, a defendant generally "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988).  In this case, the trial court declined to give an accessory-after-the-fact instruction because it held the evidence did not support such an

19

instruction.  Under Michigan law, "an accessory after the fact is one who, with knowledge of the principal's guilt, renders assistance to hinder the detection, arrest, trial, or punishment of the principal."  *People v. King*, 271 Mich. App. 235, 239 (Mich. Ct. App. 2006).

The trial court properly declined to give the requested instruction because it was not supported by the evidence adduced at trial.  There was no evidence that Petitioner merely assisted Elton Jones after the crime had been committed.  As such, the trial court's failure to give that instruction was neither contrary to nor an unreasonable application of Supreme Court precedent.

### I.  Prosecutorial Misconduct

Petitioner argues that the prosecutor committed misconduct by withdrawing a plea offer.  The trial court, in its order denying Petitioner's motion for relief from judgment, held that the record shows that the prosecutor withdrew the plea offer because the offer was contingent upon Petitioner taking a polygraph test and the test had not been performed.  The trial court held that it was within the prosecutor's discretion to withdraw the offer.

"[T]here is no constitutional right to a plea bargain."  *Weatherford v. Busey*, 429 U.S. 545, 561 (1977); *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1410 (March 21, 2012).  Regarding plea offers, it is generally accepted that "a prosecutor may withdraw any time prior to, but not after, the entry of a guilty plea or other action constituting detrimental reliance on the defendant's part."  *Id.* at 1413 (Scalia, J. dissenting).

In this case, it is not disputed that the plea had not been accepted by the trial court.  Nor has Petitioner shown that he detrimentally relied on the plea offer.

20

Therefore, the trial court's decision was not contrary to or an unreasonable application
of Supreme Court precedent.

## J.  Appellate Counsel

Petitioner argues that his appellate attorney was ineffective in failing to present
on direct appeal the issues raised in his motion for relief from judgment.

Strategic and tactical choices regarding which issues to pursue on appeal are
"properly left to the sound professional judgment of counsel." *United States v. Perry*,
908 F.2d 56, 59 (6th Cir. 1990).  The Supreme Court has held that a petitioner does not
have a constitutional right to have appellate counsel raise every non-frivolous issue on
appeal.  *Jones v. Barnes*, 463 U.S. 745, 754 (1983).  The Court further stated:

> For judges to second-guess reasonable professional judgments and
> impose on appointed counsel a duty to raise every "colorable" claim
> suggested by a client would disserve the . . . goal of vigorous and effective
> advocacy. . . . Nothing in the Constitution or our interpretation of that
> document requires such a standard.

*Id.* at 754.  "[T]here can be no constitutional deficiency in appellate counsel's failure to
raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).  None of the
claims Petitioner argues his appellate attorney should have raised on appeal have been
shown to have any merit.  Therefore, appellate counsel was not ineffective in failing to
raise them.

## K.  Cumulative Effect

Finally, Petitioner claims that the cumulative effect of the alleged errors rendered
his trial fundamentally unfair in violation of due process.  The cumulative weight of
alleged constitutional trial errors in a state criminal proceeding does not warrant federal
habeas relief because there is no clearly established federal law permitting or requiring

21

the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Therefore, habeas relief is denied on this claim.

### V. Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: June 12, 2012


I hereby certify that a copy of the foregoing document was mailed to Labaron Davis, 159262, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 and the attorneys of record on this date, June 12, 2012, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160