UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABARON ALEXANDER DAVIS,

        Petitioner,               Case Number:  07-15482

v.                                          HON. AVERN COHN

JERI ANN SHERRY,

        Respondent.
_____/

## ORDER DENYING MOTION UNDER FED. R. CIV. P. 60(b)(4) (Doc. 25)

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Labaron Alexander Davis (Petitioner), a state inmate, filed a *pro se* petition for a writ of habeas corpus challenging his convictions for armed robbery, assault with intent to commit great bodily harm less than murder, felon in possession of a firearm, and felony firearm.  Petitioner raised thirteen claims.  The Court denied the petition, finding no merit in any of Petitioner's claims.  (Doc. 23).

Before the Court is Petitioner's motion under Fed. R. Civ. P. 60(b)(4).  For the reasons that follow, the motion is DENIED.

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; **(4) the judgment is void**; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

### III.

Petitioner is not entitled to relief. First, the motion is untimely. A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c). The Court denied the petition in June of 2012. Petitioner filed the instant motion in June of 2016, four years later. This is not within a reasonable time.

Second, Petitioner has not satisfied the standard for relief under Rule 60(b)(4). This subsection pertains to void judgments, i.e. a judgment that should have never entered. See Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 515 (6th Cir.2001) (Batchelder, J., concurring) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect." (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir.1 972))). " 'A judgment is not void ... simply because it is or may have been erroneous,' " United Student Aid Funds, Inc. v. Espinosa, —— U.S. ——, 130 S.Ct. 1367, 1377 (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)) and "a motion under Rule 60(b)(4) is not a substitute for a timely appeal," Id. Otherwise, "Rule 60(b)(4)'s exception to finality would swallow the rule." Id. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a

2

party of notice or the opportunity to be heard." Id. (emphasis added).

    Here, although Petitioner contends that the Court's judgment was "void" and the Court "denied him due process" and "lacked jurisdiction," Petitioner is in reality rearguing that he is entitled to habeas relief. This is not grounds for relief under Rule 60(b)(4).

    SO ORDERED.

                                                 S/Avern Cohn
                                               AVERN COHN
                                             UNITED STATES DISTRICT JUDGE

Dated: September 19, 2016